# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MARY EDDLEMAN f/k/a MARY ARMSTRONG, individually and on behalf of the class defined herein, )<br><br>Plaintiffs, )<br><br>vs. )<br><br>SOUTHWEST CREDIT SYSTEMS, L.P. and SWC GROUP, LP d/b/a SOUTHWEST CREDIT, )<br><br>Defendants. ) | CIVIL ACTION NO.:<br>_____<br><br>JURY DEMAND |

## COMPLAINT

Plaintiff Mary Eddleman f/k/a Mary Armstrong ("Plaintiff") states the following as her Complaint against defendants Southwest Credit Systems, L.P., and SWC Group, L.P. d/b/a Southwest Credit ("Defendants").

## I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, Federal Question Jurisdiction because this is a case brought pursuant to the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 et seq.

1

2. Venue is proper in this District Court and Division pursuant to 28 U.S.C. § 1391(b)(2) as this is a judicial district and venue where a substantial part of the events and omissions giving rise to this action occurred.

## II. PARTIES

3. Plaintiff is an individual over the age of nineteen (19) residing in Jefferson County, Alabama.

4. Southwest Credit Systems, L.P. d/b/a Southwest Credit is a Texas corporation, not licensed but doing business in Alabama.

5. Alternatively, SWC Group, LP d/b/a Southwest Credit is a Texas corporation, not licensed but doing business in Alabama.

6. Both of the above-referenced businesses operate out of the same address, and are in the collection business. It is unclear what combination of these businesses, or both, committed the acts complained of herein, and are referred to alternatively and collectively herein as "Southwest Credit" or "Defendants."

## III. FACTS

7. Plaintiff had an account with T-Mobile USA, Inc. ("T-Mobile") that got into arrears.

8. T-Mobile hired and/or referred Plaintiff's account to Southwest Credit for collection.

9. Plaintiff received written correspondence concerning the T-Mobile debt on or about March 3, 2021.

10. Rather than preparing and mailing a collection letter on its own, Southwest Credit sent Plaintiff's information, and the information concerning the debt to a commercial mail house in Oaks, Pennsylvania.

11. In order for the commercial mail house in Pennsylvania to send Plaintiff the correspondence, Defendants transferred to the commercial mail house at least the following information:

    a. Ms. Eddleman's status as a debtor;

    b. The amount of Ms. Eddleman's T-Mobile debt;

    c. Ms. Eddleman's address;

    d. Ms. Eddleman's T-Mobile account number.

12. Defendants sent this information to the commercial mail house electronically so that it could populate a form collection letter with Plaintiff's information, and the information concerning her debt to T-Mobile.

13. The mail house used this information to send Plaintiff a form collection letter.

14. The sending of an electronic or physical file containing information about Plaintiff's purported T-Mobile debt to a mail house is therefore a communication.

15. Defendant's communication to the mail house was in connection with the collection of a Debt since it involved disclosure of the Debt to a third-party with the objective being communication with the motivation of the consumer to pay the alleged Debt.

16. Plaintiff never consented to having her personal and confidential information, concerning the Debt or otherwise, shared with anyone else.

17. In limiting disclosures to third parties, the FDCPA states, at 15 U.S.C. § 1692c(b):

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, his attorney, a consumer reporting agency, or the attorney of the debt collector." (emphasis added).

18. The mail house used by Defendants as part of its debt collection effort against Plaintiff does not fall within any permitted exception provided for in 15 U.S.C. § 1692c(b).

19. Due to Southwest Credit's communication to this mail house, information about Plaintiff, including her contact information and the information

concerning her T-Mobile account are all within the possession of an unauthorized third-party.

20. If a debt collector "conveys information regarding the debt to a third party – informs the third party that the debt exists or provides information about the details of the debt – then the debtor may well be harmed by the spread of this information." Brown v. Van Ru Credit Corp. 804 F.3d 740, 743 (6th Cir. 2015); Hawkins v. Preferred Collection & Mgmt. Svcs., 2021 U.S. App. Lexis 11694 (11th Cir. April 21, 2021).

21. Southwest Credit unlawfully communicates with the unauthorized third-party mail house solely for the purpose of streamlining its generation of profits without regard to the propriety and privacy of the information which it discloses to such third-party.

22. In its reckless pursuit of a business advantage, Southwest Credit disregarded the known, negative effect that information to an unauthorized third-party has on consumers.

## IV. CLASS ALLEGATIONS

23. Plaintiff brings this case as a class action on behalf of herself and the class defined below.

24. <u>Class Definition</u>:  Pursuant to Fed.R.Civ.P. 23(b)(1), (2) and (3), Plaintiff brings this action on behalf of herself and all others similarly situated, as members of the proposed Plaintiff Class:

> All persons in the United States in the last year who have received form letters from Defendants containing multiple addresses in an attempt to collect a debt where Defendants used a commercial mail house to prepare and mail the collection letters and where it transferred to the commercial mail house the information concerning the debtor and the debt without any authorization from the debtor.

25. <u>Numerosity</u>: The members of the class are so numerous that their individual joinder would be impracticable in that: (a) the Class includes at least hundreds of individual members; (b) the precise number of Class members and their identities are unknown to Plaintiffs, but are well known to Defendants, and can easily be determined through discovery; (c) it would be impractical and a waste of judicial resources for each of the at least hundreds of individual class members to be individually represented in separate actions; and (d) the relatively small amount of damages suffered by the class members does not make it economically feasible for those class members to file individual actions.

26. <u>Commonality/Predominance</u>: Common questions of law and fact predominate over any questions affecting only individual class members. These common legal and factual questions include, but are not limited to, the following:

a. Whether Defendants transferred debtor information to commercial mail houses for the purpose of the commercial mail houses sending collection letters to the debtors.

b. Whether this transfer of information about the debtors and their debts violates the FDCPA at 15 U.S.C. § 1962c(b).

27. <u>Typicality</u>: Plaintiff is typical of the claims of the class members and each subclass. Plaintiff and all class members have been injured by the same wrongful practices engaged in by Defendants. Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of the class members, and are based on the same legal theories for the class and each subclass.

28. <u>Adequacy</u>: Plaintiff will fully and adequately assert and protect the interests of the class. Plaintiff has counsel experienced in class actions and complex mass tort litigation. Neither Plaintiff nor counsel have interests contrary to or conflicting with the interests of the class or subclasses.

29. <u>Superiority</u>: A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims by each of the class members is economically unfeasible and impractical. While the aggregate amount of the damages suffered by the class is in the hundreds of thousands of dollars, if not millions of dollars, the individual damages suffered by each as a result of the wrongful conduct by Defendants are too small to warrant the expense of individual lawsuits. Even if the individual damages were sufficient

to warrant individual lawsuits, the court system would be unreasonably burdened by the number of cases that would be filed.

30. Plaintiff does not anticipate any difficulties in the management of this litigation management of this litigation.

## COUNT I
## VIOLATIONS OF THE FDCPA

31. Plaintiff adopts and incorporates paragraphs 1-30 as if fully stated herein, and states this claim on behalf of herself and the class defined above.

32. Defendants violated 15. U.S.C. § 1692c(b) when it disclosed information about Plaintiff's purported T-Mobile debt to an unauthorized third-party commercial mail house in connection with the collection of the Debt.

33. Defendants' conduct renders them liable for the above-stated violation of the FDCPA, and Plaintiff is therefore entitled to statutory damages not to exceed $1,000, as well as relief for actual damages sustained. 15 U.S.C. § 1692k(1), (2).

34. Defendants intentionally made these communications in order to gain an advantage over other debt collectors and generate additional profits.

35. By its conduct Defendants are liable under the FDCPA for statutory damage up to $1,000 and other compensation.

WHEREFORE, Ms. Eddleman, on behalf of herself and the class defined herein, demands the following relief:

a. An Order of this Court certifying this case as a class action pursuant to Fed.R.Civ.P. 23(a)(1), (4), and (b);

b. An Order of the Court appointing Ms. Eddleman as the class representative;

c. An Order of the Court appointing undersigned counsel as class counsel;

d. Statutory damages for Ms. Eddleman and the class members of $1,000.00 each pursuant to 15 U.S.C. § 1652k(c)(2)(A);

e. Actual damages for Ms. Eddleman and each class member in an amount to be determined by a jury pursuant to 15 U.S.C. § 1692k(a)2)(A);

f. An award of costs and a reasonable attorneys' fee pursuant to 15 U.S.C. § 1692k(a)(3);

g. All other applicable relief.

Respectfully submitted,

/s/ Brian M. Clark
Brian Clark
Attorney for Plaintiff

**OF COUNSEL:**
Wiggins Childs Pantazis Fisher & Goldfarb, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone: (205) 314-0500
Facsimile: (205) 254-1500
Email: bclark@wigginschilds.com

                                                /s/ Allan L. Armstrong
                                                Allan Armstrong
                                                Attorney for Plaintiff

**OF COUNSEL:**
Armstrong Law Center, LLC
The Berry Building
2820 Columbiana Road
Vestavia Hills, Alabama  35216
Birmingham, Alabama 35203
Telephone:  (205) 201-1529

                                                /s/ Darrell L. Cartwright
                                                Darrell L. Cartwright
                                                Attorney for Plaintiff

**OF COUNSEL:**
Cartwright Law Center, LLC
Post Office Box 383204
Birmingham, Alabama  35238
Telephone:  (205) 202-1040


**SERVE DEFENDANT AT THE FOLLOWING:**
Southwest Credit Systems, L.P.
c/o Registered Agent, Jeff A. Hurt
4120 International Parkway, Suite 1100
Carrollton, Texas  75007

SWC Group, LP
c/o Registered Agent, Jeff A. Hunt
4120 International Parkway, Suite 1100
Carrollton, Texas  75007